Filed 7/31/26  Mirjafarifiroozabadi v. Man CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SEYEDJALIL MIRJAFARIFIROOZABADI,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>CORNELL MAN, et al.,<br><br>Defendants and Respondents. | G066134<br><br>(Super. Ct. No. 30-2025-01463317)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, R. Shawn Nelson, Judge. Affirmed.

Seyedjalil Mirjafarifiroozabadi in pro. per., for Plaintiff and Appellant.

Timothy D. Murphy for Defendants and Respondents.

Seyedjalil Mirjafarifiroozabadi appeals from an attorney fee order imposed after the trial court dismissed his complaint as a SLAPP[1] suit.[2] We affirm.

\*        \*        \*

FACTUAL AND PROCEDURAL BACKGROUND[3]

After the trial court granted the Mans' anti-SLAPP motion, the Mans moved for their attorney fees in the amount of $25,575.00. This amount was based on the work of one attorney, Timothy Murphy. Murphy sought compensation for 34.10 hours at $750 per hour. The court found 23.3 hours billed were unreasonable and unnecessary because the hours were not clearly identified to the preparation of the anti-SLAPP motion, or were for clerical work that could not be charged at $750 per hour. The court determined 11.4 hours were reasonable and necessary for the work performed. Additionally, the court determined Murphy's fee request of $750 per hour was not within the range of reasonable rates for an anti-SLAPP motion in Orange County. Thus, the court reduced the hourly rate to $650. Multiplying 11.4 hours by

---

[1] Unless otherwise indicated, all subsequent statutory references are to the Code of Civil Procedure. Section 425.16 is commonly referred to as the "anti-SLAPP statute." An anti-SLAPP motion is "a special motion to strike a 'strategic lawsuit against public participation (SLAPP).'" (*Parrish v. Latham & Watkins* (2017) 3 Cal.5th 767, 773–774.)

[2] On July 31, 2026, we affirmed the underlying order granting the anti-SLAPP motion. (*Mirjafarifiroozabadi v. Man, et al.* (July 31,2026, G065878) [nonpub. opn.].)

[3] On the court's own motion, we take judicial notice of the Mans' August 25, 2025 notice of motion, motion to recover attorneys' fees and case costs, points and authorities in support of their motion, and Victoria Man's declaration in support of the motion. (Evid. Code §452, subd. (d).)

2

$650, the court awarded the Mans $7,410 in attorney's fees as well as $956.79 in costs.

The trial court recognized Mirjafarifiroozabadi's argument that he was unable to pay costs and that equity should relieve him from doing so. The court determined it was not authorized to apply principles of equity where the right to costs was established by statute.

## DISCUSSION

## I.

## INADEQUATE RECORD

A "fundamental principle of appellate procedure [is] that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.] 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citation.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court.'" (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) "'"A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed."'" [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. . . . Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].'" (*Id*. at p. 609; see also *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574. ["[A] party challenging a judgment has the burden of showing reversible error by an adequate record"].)

3

"'Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant].'" (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.) Further, inadequacy of the record on appeal warrants dismissal of the appeal. (*In re Marriage of Wilcox* (2004) 124 Cal.App.4th 492, 498; see also *McGinnis v. Monjoy* (1959) 169 Cal.App.2d 519, 522–523.)

The record produced by Mirjafarifiroozabadi is inadequate to permit meaningful review of the challenged trial court decision. The record does not include the Mans' motion to recover attorneys' fees and case costs, or any of the documents related to the motion. These inadequacies are alone sufficient to justify dismissal of the appeal. Even with an adequate record, Mirjafarifiroozabadi's appeal fails on the merits.

## II.

### LEGAL PRINCIPLES AND STANDARD OF REVIEW

"An award of attorney fees to a prevailing defendant on an anti-SLAPP motion is mandatory. [Citations.] We review the trial court's determination of the amount of the award for abuse of discretion and will not set aside the award "'absent a showing that it is manifestly excessive in the circumstances.'" [Citation.] In this regard, we are mindful that '[t]he "experienced trial judge is the best judge of the value of professional services rendered in [her] court, and while [her] judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong."' [Citation.] 'An abuse of discretion is shown when the award shocks the conscience or is not supported by the evidence.'" (*Marshall v. Webster* (2020) 54 Cal.App.5th 275, 285.)

"The abuse of discretion standard includes a substantial evidence component: 'We defer to the trial court's factual findings so long as they are

supported by substantial evidence, and determine whether, under those facts, the court abused its discretion. If there is no evidence to support the court's findings, then an abuse of discretion has occurred.'" (*Pasadena Police Officers Assn. v. City of Pasadena* (2018) 22 Cal.App.5th 147, 167.)

## III.

### ANALYSIS

Mirjafarifiroozabadi first contends the attorney fee award was unwarranted because the trial court dismissed his complaint on procedural grounds rather than on the full merits. However, he cites no legal authority in support of his argument that the award should be reversed because the court dismissed his complaint on a procedural ground, and we find none. (See *County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 861 ["'We may disregard legal arguments that are not supported by citations to legal authority [citation] or are conclusory [citation].' [Citations.] Further, we may treat a point that is not supported by cogent legal argument as forfeited"].)

Next, Mirjafarifiroozabadi contends the fee award was disproportionate to the time, effort, and outcome of the litigation. Without providing any supporting authority or analysis, he contends we should reduce the award amount based on prevailing market standards, complexity, and the limited relief obtained by the Mans. However, the trial court substantially reduced the number of attorney hours requested by the Mans based on what it found was reasonable and necessary under the circumstances. The trial court also reduced the attorney's hourly rate, finding it was not within the range of reasonable rates within the prevailing market standard in Orange County. On this record, it is appropriate for us to defer to the trial court. (*569 E. County Boulevard LLC v. Backcountry Against the Dump, Inc.* (2016) 6 Cal.App.5th 426, 437 ["The courts repeatedly have stated

5

that the trial court is in the best position to value the services rendered by the attorneys in his or her courtroom"].)

Lastly, Mirjafarifiroozabadi claims the trial court did not fully account for the significant financial hardship he faces and argues "[e]quity and justice require a reduction or elimination of the fee award to prevent undue financial burden. He cites Code of Civil Procedure section 425.16, subdivision (c), which provides that, for litigants who successfully defend against an anti-SLAPP motion, good faith may be a factor in determining if the litigants are entitled to their attorney's fees and costs since the motion's frivolousness must be shown. (See § 425.16, subd. (c)(1); *Durkin v. City and County of San Francisco* (2023) 90 Cal.App.5th 643, 651 ["[A] prevailing plaintiff may be entitled to attorney fees and costs if the court finds that the anti-SLAPP motion was 'frivolous or is solely intended to cause unnecessary delay'"].) However, section 425.16 does not help Mirjafarifiroozabadi because he did not successfully defend against the anti-SLAPP motion.

DISPOSITION

The order is affirmed. The Mans are entitled to their costs on appeal.

DELANEY, ACTING P. J.

WE CONCUR:

SCOTT, J.

SERVINO, J.

6